IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CHRISTOPHER MATTHEW CUNNINGHAM, ) | |
| ) | |
| MOVANT, ) | |
| ) | |
| v. ) | 1:14-CR-225 (LMB) |
| ) | 1:15-CV-1262 (LMB) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| RESPONDENT. ) | |
| ) | |

<u>Memorandum Opinion</u>

Christopher Matthew Cunningham ("Cunningham" or "movant") has filed a <u>pro se</u> Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Dkt. No. 35], Sept. 29, 2015 ("Motion to Vacate"), in which he argues that there were procedural errors that undermine the validity of the Restitution Order and that his counsel's failure to address the alleged procedural errors and failure to consult Cunningham about an appeal relating to the restitution order constituted ineffective assistance. Cunningham also filed a Motion for Order Granting Evidentiary Hearing [Dkt. No. 36], Oct. 6, 2015 ("Motion for Order"). Because there is neither a legal nor a factual basis supporting Cunningham's claims, the Motion to Vacate will be summarily dismissed without the need for a response from the United States,[1] and the Motion for Order will be denied as moot.

---

[1] Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts:

> The judge who receives notice of the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

## I. BACKGROUND

On July 8, 2014, Cunningham waived indictment and pleaded guilty under a written plea agreement to a one-count criminal information charging wire fraud under 18 U.S.C. § 1343. Plea Hr'g Mins. [Dkt. No. 5], July 8, 2014. As part of that agreement he consented to paying restitution to his victims. Plea Ag. ¶ 8 [Dkt. No. 6], July 8, 2014. Although the exact amount was not specified, he did agree that for guideline purposes the loss amount involved in his case was between $1 million and $2.5 million. Plea Ag. ¶ 4(b). Moreover, in the Statement of Facts accompanying his plea agreement Cunningham acknowledged the loss amounts of the victims: "C.H. and her estate lost more than $550,000," Stmt. of Facts ¶ 9 [Dkt. No. 7], July 8, 2014; "C.H.2 lost approximately $148,000," Id. ¶ 13; he never repaid "five (5) separate investments totaling $251,405.57 from M. and S.Y," Id. ¶ 16; he "obtained a total of $74,925.90 from D. and A.S." Id. ¶ 19; and "solicited $54,204 from C.M. in two separate investments." Id. ¶ 20. The Presentence Investigation Report (PSR) reflected the same losses. Present. Investig. Report ¶ 56 [Dkt. No. 13], Sept. 25, 2014 ("PSR").

On October 10, 2014, Cunningham was sentenced to fifty-seven months of imprisonment with credit for time served and three years of supervised release afterward. J. [Dkt. No. 30], Oct. 10, 2014. Cunningham was also ordered to pay $1,080,884.54. Restitution Order [Dkt. No. 32], Oct. 10, 2014 ("Rest. Order"). On September 9, 2015, Cunningham timely filed this Motion to Vacate and subsequently filed a Motion for Order.

In his Motion to Vacate, Cunningham asserts that restitution was not discussed during his sentencing hearing in violation of 18 U.S.C. § 3553(a); that he was deprived of a requisite hearing during which the government would have to prove the identities of the victims and amount of their losses; and that the Restitution Order was entered without the necessary findings

of fact to support it. Motion to Vacate at 1. Cunningham also raises a claim of ineffective assistance of counsel, arguing that his counsel failed to ensure that the Court followed the procedures required in imposing restitution and that his counsel did not consult him about the possibility of an appeal regarding the purportedly erroneous Restitution Order.

## II. DISCUSSION

Under 28 U.S.C. § 2255, a "prisoner in custody . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." By its plain language, § 2255 only applies to prisoners who are seeking the right to be released, and "cannot be used solely to challenge a restitution order." United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999) (collecting cases).[2] "Quite simply, a restitution order, absent substantial justification, is not the proper subject of a § 2255 petition and may not be collaterally attacked." United States v. Runnells, 36 F. Supp. 2d 696, 700-01 (E.D. Va. 1998) (internal quotation marks omitted) (quoting United States v. Landrum, 870 F.Supp. 699, 702 (E.D.Va.1994), aff'd, United States v. Landrum, 93 F.3d 122 (4th Cir.1996)). Cunningham's challenges center on the Restitution Order alone; he does not claim any other deficiency in his counsel's performance that would accelerate his release from custody. Therefore, he fails to allege a cognizable claim under § 2255 and this Motion to Vacate must be dismissed.

A. Waiver

Even if the restitution claim were cognizable under § 2255, his claims have been waived.

---

[2] Although the Fourth Circuit has not ruled squarely on this issue, the vast majority of other circuits and the Eastern District of Virginia have routinely held that a prisoner may not seek collateral review of a restitution order. See, e.g., Smullen v. United States, 94 F.3d 20, 26 (1st Cir. 1996) (holding that a defendant "sentenced to an allegedly erroneous fine or restitution order because of ineffective assistance of counsel cannot seek relief under § 2255"); Underwood v. United States, No. 3:08-CR-524, 2012 WL 6082916, at *6 (E.D. Va. Dec. 6, 2012); United States v. Ziadeh, No. 3:02CR273, 2005 WL 4913182, at *2 (E.D. Va. July 13, 2005).

3

Although Cunningham casts his contentions as Fifth Amendment Due Process violations, in reality, their basis is solely statutory. See United States v. Rowland, 848 F. Supp. 639, 641-42 (E.D. Va. 1994) ("Defendant alleges that the court improperly applied the Guidelines in calculating his sentence and failed to make certain findings before ordering restitution. Such claims clearly are nonconstitutional in nature."). Nonconstitutional claims that the defendant failed to raise on direct appeal may not be asserted in collateral proceedings. Id. (collecting cases). Cunningham knowingly assented to the imposition of a restitution order in his Plea Agreement, specifically "agree[ing] to the entry of a Restitution Order for the full amount of the victims' losses." See Plea Ag. ¶ 8. Moreover, even though the PSR placed Cunningham on clear notice as to the amount of restitution, not one of the four specific objections he raised to the PSR related to findings about the identities of victims or their amount of loss. See Notice of Objection [Dkt. No. 12], Sept. 22, 2014. "Having chosen not to challenge the information contained in the presentence reports, although clearly aware of the possible restitution orders that might be imposed, the defendant[] cannot now claim that [he was] not given the opportunity to be heard." United States v. Miller, 900 F.2d 919, 924-25 (6th Cir. 1990); see also Cani v. United States, 331 F.3d 1210, 1215 (11th Cir. 2003) ("absent exceptional circumstances not present in this case, a criminal defendant who fails to object to the calculation of restitution at both of these stages of the judicial process loses the right to advance a challenge to this calculation."). Accordingly, Cunningham's claims relating to the procedure that the Court used to order restitution are barred.

Moreover, Cunningham waived the right to appeal his restitution order in his Plea Agreement. Plea Ag. ¶ 5. "[A]s a general rule, a defendant who has agreed '[t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed,' has waived his right to appeal a restitution order." United States v. Cohen, 459 F.3d

4

490, 497 (4th Cir. 2006) (internal citations omitted) (quoting language analogous to that found in Cunningham's Plea Agreement). Importantly, a defendant's waiver of a variety of appeal issues does not have to be specifically discussed at his Rule 11 hearing for the waiver to be knowing and voluntary. United States v. Thornsbury, 670 F.3d 532, 538 (4th Cir. 2012). Rather, "[s]uch waivers are valuable precisely because they cover unforeseen circumstances and thus add certainty to the criminal proceeding." Id. Accordingly, Cunningham's failure to raise any timely objection to the imposition of restitution or the relevant portions of the PSR coupled with his explicit, knowing and voluntary waiver of appeal rights in his Plea Agreement mean that he may not assert such objections in a collateral proceeding.

B. Alleged Defects

Even if he had not waived his right to challenge the Restitution Order, none of the three grounds Cunningham alleges have merit. First, he asserts that restitution was not addressed by the Court during the sentencing hearing, in violation of 18 U.S.C. § 3553(a). Motion to Vacate at 3. The record contradicts that argument. In fact, as the docket sheet reflects, the Restitution Order was entered on the same day as the sentencing hearing, Rest. Order; and the minute entry for the sentencing proceeding reflects that the order was entered during the hearing at which the defendant was present. Mins. Sent. Hr'g [Dkt. No. 29], October 10, 2014. As such, it appears that restitution was indeed discussed during the sentencing hearing in the defendant's presence, and Cunningham has not tendered any evidence, such as an affidavit, to support his claim that he was not present when the order was entered.

Second, Cunningham contends that he was deprived of the required restitution hearing in which the government would have to prove the amount of each victim's loss. Motion to Vacate at 4. He therefore argues, that because "the Court made the restitution determination in private"

and did not "direct[] the Government to prove actual loss under the preponderance of the evidence standard," he was deprived of his right to Due Process. Id. at 4-5. As discussed supra, as part of his Plea Agreement, Cunningham agreed that the total loss amount ranged from $1 million to $2.5 million, Plea Ag. ¶ 4(b); and in the Statement of Facts, which he signed on June 17, 2014, he admitted that victims identified as "C.M.," "C.H.," "C.H.2," "D," "A.S.," "M.," and "S.Y." lost over $1,000,000 cumulatively. Stmt. of Facts ¶¶ 9, 13, 16, 19, 20. Moreover, this amount is also contained in the PSR. PSR ¶¶ 56, 58. A court may satisfy the findings of fact required by 18 U.S.C. § 3446 by adopting the proposed findings contained in the PSR, United States v. Dawkins, 202 F.3d 711, 716 (4th Cir. 2000) (citing United States v. Blake, 81 F.3d 498, 505 (4th Cir.1996)), unless a "defendant affirmatively shows that such information is inaccurate or unreliable." United States v. Delmonte, 444 F. App'x 695, 697-98 (4th Cir. 2011) (citing United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir.1993)). Cunningham has not attacked the validity of his guilty plea or the Plea Agreement. "The plea agreement contains no provision purporting to limit [the defendant's] restitution obligation and, on the contrary, the agreement clearly documents the parties' understanding that restitution would be a component of [the defendant's] sentence." United States v. Cohen, 459 F.3d 490, 500 (4th Cir. 2006). Accordingly, when the Court adopted the PSR's factual findings and guideline calculations in imposing a sentence, it satisfied all procedural requirements. See Stmt. of Reasons [Dkt. No. 31], Oct. 10, 2014.

Third and relatedly, Cunningham avers that "the record in this case does not show what the victims loss [sic], when, where, why, and most of all how." Motion to Vacate at 5. This contention is also meritless given that in his Plea Agreement, Cunningham acknowledged that "victims of the conduct described in the charging instrument, statement of facts, or any related or

6

similar conduct shall be entitled to restitution." Plea Ag. ¶ 8. All of the losses listed in the Restitution Order correspond dollar for dollar to the information Cunningham stipulated was true and accurate in the Statement of Facts he signed. See United States v. Yooho Weon, 722 F.3d 583, 589 (4th Cir. 2013) (finding that a plea agreement's "factual stipulations remained binding in the absence of any demonstrated exceptional circumstances."). This information is further corroborated by the uncontested portions of the PSR that name the victims and amount of loss. PSR ¶¶ 56, 58. This information provided a more than adequate foundation for the Restitution Order. "Even if § 3663A(a)(3) favored full details in the plea agreement (which it does not), a defendant could waive that entitlement and choose a different method. [The defendant] did just this: he agreed to make restitution to all victims of his entire course of conduct, and agreed further that the district judge could make decisions that proved necessary to implement this choice. The district court did no more than [the defendant] had agreed it could." United States v. Peterson, 268 F.3d 533, 535 (7th Cir. 2001). Accordingly, Cunningham's claims regarding the entry of the Restitution Order are without merit.

C. Ineffective Assistance of Counsel

Cunningham's alternative attempt to couch his restitution claims in the framework of ineffective assistance of counsel also does not merit collateral relief because "[n]on-cognizable claims do not morph into cognizable ones by osmosis." United States v. Thiele, 314 F.3d 399, 402 (9th Cir. 2002). Even if Cunningham could proceed under § 2255 on his ineffective assistance claims, his contentions fail because he is unable to show prejudice.

To establish ineffective assistance of counsel Cunningham must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984), which requires a showing of both deficient performance by counsel and resulting prejudice to the defendant from that deficient

7

performance. Id. at 687. Because it "is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence" and because a wide range of legitimate defense strategies are possible in a given case, "scrutiny of counsel's performance must be highly deferential." Id. at 689. Moreover, Cunningham must make an additional showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id.; see also id. at 694 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome.").

Cunningham alleges several theories in support of his ineffective assistance of counsel claim. The first four are easily distilled into a broader contention that his attorney did not work to ensure that the Court followed appropriate procedures in imposing the restitution portion of his sentence. Motion to Vacate at 1. As discussed supra, the Court followed the mandated procedures in imposing restitution. Cunningham and his attorney had an opportunity to object to any of the findings in the Statement of Facts or the PSR and chose not to do so. Notably, even now Cunningham fails to proffer any information in his Motion to Vacate that would suggest that the calculations supporting the amount of restitution were erroneous.

Cunningham's final contention is that his counsel failed to consult him about the possibility of filing an appeal. Motion to Vacate at 9. The Supreme Court has held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). Whether a lawyer has failed to carry out that duty depends on

the nature of the conviction. "Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." Id. Under this standard, Cunningham's counsel did not violate his constitutional duty to represent his client effectively when he failed to consult Cunningham about the possibility of an appeal.

As discussed supra, Cunningham explicitly waived the right to appeal "any sentence within the statutory maximum . . . (or the manner in which that sentence was determined) . . . on any ground whatsoever." See Plea Ag. ¶ 5. Moreover, Cunningham "consent[ed] to the entry of any orders pertaining to restitution after sentencing without limitation." Id. at 6. As such, Cunningham's counsel had no constitutional obligation to consult him on this matter because no rational defendant could be expected to want to appeal after agreeing to the expansive waiver of appeal rights contained in the Plea Agreement. It is also significant that the amount of restitution was at the low end of the range of loss to which Cunningham had agreed in the Plea Agreement. In addition, Cunningham does not allege that he "reasonably demonstrated to counsel that he was interested in appealing." Accordingly, all of Cunningham's contentions as to counsel's failure to provide effective representation fail.

D. <u>Evidentiary Hearing Request</u>

Finally, Cunningham is not entitled to an evidentiary hearing on the contentions raised in his petition. As the Fourth Circuit has explained, "[T]o obtain an evidentiary hearing on an

ineffective assistance claim-or, for that matter, on any claim-a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing." Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), as amended (Aug. 12, 1992), abrogated on other grounds by Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). Because Cunningham has failed to submit any evidence in either motion to support the merit of any of his claims, his "unsupported, conclusory allegations" do not warrant an evidentiary hearing.

### III. CONCLUSION

Because the record demonstrates that none of Cunningham's claims has merit, there is no need for an evidentiary hearing and this Motion to Vacate will be dismissed and his and Motion for Order will be denied by an Order to be issued with this Memorandum Opinion.

Entered this 20 day of October, 2015.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

10